**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA MASON-EALY, an Individual,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF POMONA, a public entity; OFFICER LEWIS, individually and in his capacity as a peace officer; CHIEF DAVID S. KETTLE, public employees,<br><br>             Defendants - Appellees. | No. 12-55968<br><br>D.C. No. 2:12-cv-00358-R-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 6, 2013
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

   Cynthia Mason-Ealy ("Mason-Ealy") appeals the district court's dismissal of

her First Amended Complaint ("FAC") and the denial of her request for leave to

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

amend in this case arising out of an interaction that she had with officers from the City of Pomona Police Department. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Mason-Ealy's FAC set forth eight causes of action against the City of Pomona, Pomona police officer Christopher Lewis, and Pomona's Chief of Police David Kettle (collectively, "Defendants"). The first six causes of action were California state law claims. The seventh cause of action was brought under 42 U.S.C. § 1983, alleging claims against Officer Lewis for violations of Mason-Ealy's First, Fourth, and Fourteenth Amendment rights. The eighth cause of action also was brought under 42 U.S.C. § 1983, alleging claims against the City of Pomona and Chief Kettle for deliberate indifference towards the civil rights of persons in the City of Pomona.

In the district court, Defendants moved to dismiss Mason-Ealy's seventh cause of action in part, and her eighth cause of action in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). Mason-Ealy requested leave to amend her seventh cause of action. The district court denied Mason-Ealy's request for leave to amend, suggesting that the request was made in bad faith. The district court granted Defendants' motion to dismiss, dismissing all of Mason-Ealy's

2

federal causes of action with prejudice. The district court also declined to maintain jurisdiction over the remaining state causes of action, remanding them to state court.

"We review *de novo* the district court's dismissal of a complaint for failure to state a claim." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Factual allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Id.* Allegations in a complaint are entitled to a presumption of truth if they "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," doing more than "recit[ing] the elements of a cause of action," and they "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, if we accept the factual allegations of the FAC as true and construe them in the light most favorable to Mason-Ealy, the FAC does articulate sufficient facts to support Mason-Ealy's Fourth Amendment claim against Officer Lewis. Indeed, the Defendants did not even argue that Mason-Ealy failed to state a claim under the Fourth Amendment in the 12(b)(6) motion to dismiss.

The district court abused its discretion in denying leave to amend. This court has long held that leave to amend should be granted "even if no request to

3

amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc) (internal quotation marks omitted).

Defendants argue that Mason-Ealy was afforded the opportunity to amend her pleadings, as evidenced by her filing of the FAC. But nothing in the record indicates that "amendment would be futile or [Mason-Ealy] has failed to cure the complaint's deficiencies despite *repeated opportunities*." *AE ex rel. Hernandez*, 666 F.3d at 636 (emphasis added). Furthermore, the district court's view that Mason-Ealy's request for leave to amend was made in bad faith is not supported by the record.

Because the district court should have granted leave to amend, we reverse its dismissal of Mason-Ealy's federal causes of action and remand with instructions to grant leave to amend. As we have reversed the dismissal of Mason-Ealy's federal causes of action, we remand for the district court to reconsider whether to exercise supplemental jurisdiction over the state causes of action.

We instruct the Chief Judge for the Central District of California to reassign this case to a different district judge on remand. Reassignment is warranted here because the judge may "have substantial difficulty in putting out of his . . . mind previously expressed views or findings determined to be erroneous," making

4

"reassignment . . . advisable to preserve the appearance of justice."  *United States v. Rivera*, 682 F.3d 1223, 1237 (9th Cir. 2012) (internal quotation marks omitted). Moreover, because this case is in the early stages of litigation and the record is not yet developed, any minimal potential for waste or duplication is outweighed by the need to preserve the appearance of fairness.  *Id.*

**REVERSED AND REMANDED.**